# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SIMON CHO, HAE CHO § | |
| § | Civil Action No. 4:16-CV-256 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| WELLS FARGO BANK, N.A. | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 14, 2017, the report of the Magistrate Judge (Dkt. #66) was entered containing proposed findings of fact and recommendations that Defendant's Motion for Summary Judgment (Dkt. #46) be granted in part and denied in part and Defendant's Motion for Partial Summary Judgment (Dkt. #47) be denied. The Magistrate Judge recommended that Plaintiffs' claims for reformation and declaratory judgment be dismissed. Having received the report of the Magistrate Judge (Dkt. #66), having considered each of Defendant's timely filed objections (Dkt. #67), Plaintiffs' response thereto (Dkt. #68), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #66) as the findings and conclusions of the Court.

## BACKGROUND

The underlying facts and legal claims are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety (*see* Dkt. #66). Accordingly, the Court sets forth herein only those facts pertinent to Defendant's objections.

In September 2011, Plaintiffs applied for a home equity loan. Hae Cho signed a "Special Durable Power of Attorney for Real Estate Transactions" appointing her husband, Simon Cho, as

her Power of Attorney ("POA"). The POA strictly limited Simon Cho's authority to acting "on behalf of Hae Cho to sell the [P]roperty and perform acts associated with the sale of the [P]roperty." The POA authorized Simon Cho to "[c]ontract to sell the Property for any price on any terms," "[c]onvey the Property," "[e]xecute and deliver any legal instruments relating to the sale and conveyance of the Property," and "[a]ccept notes, deeds of trust, and other legal instruments" on Hae Cho's behalf. The POA does not reference refinancing or encumbering the Property, or using it as security for a loan. On November 1, 2011, Simon Cho, solely on behalf of Hae Cho through the POA, executed a Texas Home Equity Note in the principal amount of $197,600.00 payable to Wells Fargo ("Note"). Simon Cho did not sign the Note on his own behalf. As security for the Note, Simon Cho, individually and on behalf of Hae Cho as her power of attorney, executed a Texas Home Equity Security Instrument dated November 1, 2011 ("Security Instrument" or "Deed of Trust"), which granted a security interest in the Property.

Of the loan proceeds, $138,392.24 were used to pay off debts against the Property, including the first loan secured by the Property and serviced by IndyMac Federal Bank, FSB in the amount of $113,560.75; the home equity loan held and serviced by Capital One in the amount of $19,422.61; and real estate taxes owed to Collin County for 2011 in the amount of $5,408.88. The remainder was paid to Plaintiffs. Hae Cho was not present at the real estate closing.

On April 16, 2015, Plaintiffs brought suit in the 429th Judicial District Court of Collin County, Texas seeking a declaration that the Loan violated the Texas Constitution. Specifically, Plaintiffs' state court pleading alleged causes of action for quiet title, statutory and common law fraud, and reformation of the Deed of Trust and sought: (1) a judgment declaring that the Note violated Article XVI Section 50(a)(6)(A) of the Texas Constitution, declaring all principle and interest of the loan forfeited as provided by Article XVI Section 50(a)(6)(Q)(xi) of the Texas

Constitution, and ordering Defendant to disgorge any amount already paid under the Note; (2) an order requiring Defendant to remove its lien on the Property and refrain from attempting any further legal action to collect on the Note; (3) a damage award for common law fraud; (4) a damage award for statutory fraud under Section 27.01 of the Texas Business and Commerce Code; and (5) an order reforming the Deed of Trust to remove Simon Cho as a party and signatory to appropriately reflect the underlying Note. In support of their fraud and reformation claims, Plaintiffs allege Charles Park, while acting in the course of his employment for Defendant Wells Fargo, represented to Plaintiff Simon Cho that Simon Cho was not an owner of the Property, and the Property was owned solely by Hae Cho.

Defendant's original answer, in response to the state court petition, raised affirmative defenses, including the statute of limitations and the doctrine of unclean hands. Moreover, while the case was still pending in state court, Defendant filed a counterclaim on March 3, 2016, requesting a judgment of judicial foreclosure, an order of equitable subrogation, and a judgment on its alleged equitable lien. Defendant removed the case to federal court on April 14, 2016 on the grounds of diversity jurisdiction. Subsequent to removal, on September 27, 2016, Plaintiffs filed an Amended Complaint. Plaintiffs' Amended Complaint seeks an order removing any cloud on the title to their residential property, damages for fraudulent misrepresentations allegedly made by Defendant during loan discussions, damages for breach of a note provided by Defendant and secured by a deed of trust on the Property, and reformation of the deed of trust to remove Simon Cho as a party and signatory. In support of Plaintiffs' fraud claim, the Amended Complaint asserts additional allegations related to Charles Park, including that approximately a month before the loan closing, Charles Park represented to Plaintiff Simon Cho that Simon Cho was not required to be a borrower on the Loan, Hae Cho could be the only borrower, and the Home Equity Loan could

3

be closed without Hae Cho's knowledge. Plaintiffs further claim Charles Park failed to inform Hae Cho that the loan was a home equity loan and intentionally concealed that fact from her.

Defendant moved for summary judgment and/or partial summary judgment on each of Plaintiffs' claims. The Magistrate Judge entered a report and recommendation on June 14, 2017, recommending Defendant's Motion for Summary Judgment be granted in part and denied in part (dismissing Plaintiff's claims for reformation and declaratory judgment) and Defendant's Motion for Partial Summary Judgment be denied. Subsequently, on June 22, 2017, Defendant filed its objections to the Magistrate Judge's report and recommendation. Plaintiffs filed their Response on July 6, 2017.

## ANALYSIS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). The Magistrate Judge made the following findings and conclusions in the report and recommendation: (1) the POA signed by Hae Cho did not authorize Simon Cho to sign the Note and/or Deed of Trust to the Property in favor of Defendant on Hae Cho's behalf; (2) Plaintiffs' additional fraud allegations were not barred by limitation when they related back to the original allegations (and a fact issue exists as to Plaintiffs' fraud claims); (3) Plaintiffs' reformation claim should be dismissed because Simon Cho signed the Deed of Trust consistent with his intent that such would encumber the Property as security for the home equity loan; (4) Plaintiffs' declaratory judgment claim should be dismissed because Plaintiffs could not obtain a judgment that Defendant violated section 50(a)(6) of the Texas Constitution or that Plaintiffs are entitled to forfeiture remedies under section 50(a)(6)(Q)(xi) for any such violation; (5) summary judgment is inappropriate for

4

Defendant's equitable subrogation counterclaim because Defendant may have perpetrated fraud and the balance of the equities is unclear; and (6) summary judgment is inappropriate for Defendant's judicial foreclosure counterclaim (after concluding Defendant is not entitled to entry of an equitable subrogation lien on the current record). Defendant objects to the Magistrate Judge's findings that (1) Simon Cho lacked authority through the POA to sign the Loan documents; (2) Plaintiffs' fraud claim was not barred by limitation or that Plaintiffs can demonstrate reliance despite their conduct and the Loan documents; (3) Defendant's counterclaim for an equitable subrogation lien be denied when this conclusion "would allow Plaintiffs to profit from their misconduct"; and (4) Defendant's counterclaim for judicial foreclosure "for the same reasons [Defendant] should have been granted dispositive relief on its equitable subrogation claim." The Court notes neither party objects to the Magistrate Judge's finding that Plaintiff's claims for reformation and declaratory judgment should be dismissed. As such, the Court adopts these findings and proceeds to evaluate those objections related to the POA's authority, Plaintiffs' fraud claim, and Defendant's equitable subrogation and judicial foreclosure counterclaims.

*Objection 1: Authority Given to Simon Cho in POA*

Defendant first objects to the Magistrate Judge's finding that the POA authorized Simon Cho to sell the Property but not to encumber it as security for a loan on the grounds that if Simon Cho had the authority under the POA to sell or convey the Property and to accept notes and security instruments, then a necessary corollary to those powers is to mortgage the Property. Plaintiffs argue to the contrary that the plain language of the POA does not permit Simon Cho to encumber the Property.

Texas courts construe a power of attorney as a whole in order to ascertain the parties' intentions and rights. *In re Estate of Miller*, 446 S.W.3d 445, 455 (Tex. App.—Tyler 2014, no

pet.). In determining the limits of an agent's authority, the meaning of general words in the power of attorney are restricted by the context in which they are used. *Gouldy v. Metcalf*, 12 S.W. 830, 831 (1889); *In re Estate of Miller*, 446 S.W.3d at 455. Further, the authority granted by a power of attorney is strictly construed, so as to exclude the exercise of any power that is not warranted either by the actual terms used or as a necessary means of executing the authority with effect. *Gouldy*, 12 S.W. at 831; *In re Estate of Miller*, 446 S.W.3d at 455; *Wise v. Mitchell*, No. 05-15-00610-CV, 2016 WL 3398447, at *8 (Tex. App.—Dallas June 20, 2016), *reh'g overruled* (Aug. 1, 2016), *review denied* (Dec. 9, 2016).

The language in the POA at issue authorized Simon Cho to sign a contract to "sell the Property for any price on any terms," sign and deliver legal documents for "the sale and conveyance of the Property," and "convey" the Property. While the POA authorized Simon Cho to "[a]ccept notes, deeds of trust, and other legal instruments" on Hae Cho's behalf, Defendant cites no authority in support of its assertion that such language necessitates a finding that the POA authorized Simon Cho to mortgage the Property. Further, Defendant offers no argument and/or authority in conflict with the Magistrate Judge's analysis of *Gray v. Powell*, wherein a Texas appellate court found that the power "to sell and convey" in a power of attorney did not authorize the attorney-in-fact to mortgage the property. 282 S.W. 631, 632 (Tex. Civ. App.—El Paso 1926, writ ref'd). Considering context and applying a strict interpretation of the POA, as the Court must, the Court finds the phrase "[a]ccept notes, deeds of trust, and other legal instruments" must be read in conjunction with the term "sale" and references completing any real estate sale by accepting payment obligations from the buyer, such that the POA does not contemplate the power to mortgage. Defendant's first objection is overruled.

*Objection 2: Fraud Claim*

Defendant next objects to the Magistrate Judge's finding that Plaintiffs' fraud claim is not barred by limitations and that Plaintiffs can show reliance and damages. Specifically, Defendant argues (A) the alleged misrepresentations on which Plaintiffs' fraud claims are based in their Amended Complaint are "nowhere close to the one that formed the basis of Plaintiffs' original claims; and (B) any alleged statement to Simon Cho that he could obtain a home equity loan without his wife's knowledge or consent constitutes a "red flag" indicating that reliance on such representation is not justified and unwarranted.

### A. Statute of Limitations

Defendant argues Defendant did not receive fair notice from Plaintiff's Original Petition—which alleged Charles Park made false representations to Simon Cho that the Property was owned entirely by Hae Cho—that Plaintiffs would base their fraud cause of action on alleged statements made by Charles Park a month prior to the closing of the Loan that (a) Simon Cho was not required to be a borrower on the loan, (b) Hae Cho could be the only borrower, and (c) the loan could be closed without Hae Cho's knowing about it. While Plaintiffs' fraud claims in their Original Petition were timely raised, Defendants contend that the fraud claim in Plaintiffs' Amended Complaint cannot relate back. Plaintiffs argue the allegations in the Amended Complaint all relate to a single transaction—the home equity loan that Defendant obtained without the written consent of Hae Cho and because of misrepresentations made by Charles Park.

As applicable to this case, Rule 15(c)(1) of the Federal Rules of Civil Procedure states that a pleading amendment relates back to the date of the original pleading if:

(A) the law that provides the applicable statute of limitations allows relation back; [or]

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.

Fed. R. Civ. P. 15(c)(1). Rule 15(c)(1)(A) requires this Court to look to Texas law, which provides the statute of limitations for Plaintiffs' fraud claim, when determining if new allegations relate back to a former pleading. Under Texas law:

> [i]f a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

Tex. Civ. Prac. & Rem. Code § 16.068. Rule 15(c)(1)(B) of the federal rules essentially states the same principle: If the newly alleged facts arise "out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading," those new allegations relate back to the original pleading for statute of limitations purposes. "The doctrine of relation back under Rule 15(c) is liberally applied, . . . especially if no disadvantage will accrue to the opposing party." *Woods Expl. & Producing Co. v. Aluminum Co. of Am.*, 438 F.2d 1286, 1299 (5th Cir. 1971).

Whether the Court applies the federal rule or § 16.068, the Court finds that the relation-back doctrine applies. As an initial matter, the Court notes that it previously found that the relation-back doctrine applies to the instant case at the motion to dismiss stage. *Cho v. Wells Fargo Bank, N.A.*, No. 4:16-CV-256, 2017 WL 989303, at *5 (E.D. Tex. Feb. 17, 2017), *report and recommendation adopted. Simon Cho v. Wells Fargo Bank, N.A.*, 2017 WL 978851 (E.D. Tex. Mar. 14, 2017).[1] To reiterate, Plaintiffs' allegation in the state court Complaint—that Charles

---

[1] The Magistrate Judge entered a report and recommendation finding that the relation-back doctrine applied to Plaintiffs' common law fraud claim, such that it should not be dismissed as barred by limitation (Dkt. #63 at 10).

8

Park misrepresented to Simon Cho both that he (Simon Cho) was not an owner of the Property and that Hae Cho owned the Property in an effort to induce Simon to enter into the Loan—put Defendant on notice that Plaintiffs were alleging fraud in relation to the Loan and the statements of Charles Park. Plaintiffs' Amended Complaint further expounds on this allegation of fraud by alleging additional fraudulent statements at the time he made the statements contained within the state court Complaint; additional allegations detailing how Defendant perpetrated fraud related to inducing Simon to enter into the Loan do not necessarily bar Plaintiffs' fraud claim. *See Baker v. Carter*, No. 4:12-CV-478, 2013 WL 1196106, at *10 (E.D. Tex. Mar. 22, 2013) (finding new factual allegations related to original complaint's suggestion of fraud); *Gray v. Upchurch*, No. 5:05-CV-210, 2006 WL 3694604, at *3 (S.D. Miss. Dec. 13, 2006) (finding amendment of pleading related back when the second amended complaint included additional allegations to specifically explain how the fraud was allegedly perpetrated against the plaintiffs). To the extent Defendant argues the relation-back doctrine applies only if the additional misrepresentations alleged in Plaintiffs' Amended Complaint relate to representations regarding the ownership of the Property at closing, Defendant mistakes the standard. Instead, both the federal and Texas rules merely require the allegations in the Amended Complaint arise from the same transaction or occurrence. Here, the factual bases for Plaintiffs' fraud claim in Plaintiffs' Original Complaint and Amended Complaint each arise out of the same transaction—the home equity financing extended by Wells Fargo on November 1, 2011. Accordingly, the Court finds Defendant was sufficiently on notice of the claim.

---

Defendant did not object to the Magistrate Judge's finding that the relation-back doctrine should apply; after a de novo review despite Defendant's failure to object, the Court adopted the Magistrate Judge's finding that the relation-back doctrine should apply (Dkt. #65).

9

## B. Disposition on the Merits

Defendant argues Plaintiffs cannot show they actually and justifiably relied on the representations to their detriment or that they suffered any fraud damages. Plaintiffs argue a fact issue exists on these points in the summary judgment record.

An element of a fraud claim is the plaintiff's actual and justifiable reliance on a misrepresentation to his/her detriment. *See, e.g.*, *FDIC v. Patel*, 46 F.3d 482, 486-87 (5th Cir. 1995); *Wuertz v. Nationwide Life Ins. Co.*, No. 01-07-00272-CV, 2009 WL 1331860, at *4 (Tex. App.—Houston [1st Dist.] May 14, 2009, no pet.); *DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*, 112 S.W.3d 854, 858 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). A "party to an arm's length transaction must exercise ordinary care and reasonable diligence for the protection of his own interests, and a failure to do so is not excused by mere confidence in the honesty and integrity of the other party." *DRC Parts*, 112 S.W.3d at 858; *Wuertz*, 2009 WL 1331860, at *4. A person may not justifiably rely on a misrepresentation if there are "red flags" indicating such reliance is unwarranted. *Lewis v. Bank of Am. NA*, 343 F.3d 540, 546 (5th Cir. 2003) (quoting *In re Mercer*, 246 F.3d 391, 418 (5th Cir. 2001)). "It is well-established that '[t]he recipient of a fraudulent misrepresentation is not justified in relying upon its truth if he knows that it is false or its falsity is obvious to him.'" *Bartolowits v. Wells Fargo Bank, N.A.*, No. 3:13-CV-4666-D, 2016 WL 1436430, at *6 (N.D. Tex. Apr. 11, 2016) (citing *Nat'l Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 424 (Tex. 2015)).

Defendant cites *Lewis* as authority in support of its argument that the instant misrepresentations are "red flags." In *Lewis*, the Fifth Circuit found a loan officer's alleged statement that the bank could shelter Lewis from taxes and early withdrawal penalties when moving money from a benefits plan to non-tax deferred CDs constituted a "red flag." *Lewis*, 343

F.3d at 545-47. The Fifth Circuit found that Lewis could not have justifiably relied on the loan officer's statements because the record was devoid of evidence that Lewis perceived the loan officer to be an expert in tax law or investment planning, subsequent communications sent to Lewis by the bank made no reference of sheltering Lewis from the tax consequences of the transaction, Lewis had a background in business and familiarity with retirement accounts, and Lewis had access to professional accountants. *Id.* at 547. *Lewis* is factually inapposite; here, Defendant points to no evidence in the summary judgment record that Charles Park made a statement outside of his expertise or that Simon Cho had relevant experience sufficient to view Park's alleged statements as a "red flag" warranting further investigation. Rather, Defendant cites that Simon Cho needed a POA to sign the Loan documents in support of its position that Plaintiffs cannot prove reliance on any representation that the home equity loan could be closed without Hae Cho's knowledge. This evidence merely challenges the veracity of Plaintiffs' evidence that they relied on Defendant's alleged misrepresentations, which creates a fact issue. Choosing to credit only the evidence cited by Defendant and discarding the evidence cited by Plaintiff would require the Court to improperly weigh the evidence and resolve disputed issues in favor of the moving party. *Heinsohn v. Carabin & Shaw, P.C.*, No. 15-50300, 2016 WL 4011160, at *13 (5th Cir. July 26, 2016). Doing so would be tantamount to making a credibility determination, and—at the summary judgment stage—a court "may make no credibility determinations." *Id.* at *13.

Defendant also argues that Plaintiffs failed to show they suffered any damages as a result of any alleged misrepresentations. Defendants argue, without any support, that Plaintiffs cannot establish damages because Plaintiffs received $197,600 from Defendant when Plaintiffs acquired the Loan, and whether Plaintiffs are at risk of losing their home because it is encumbered by a debt they cannot afford to pay is irrelevant. Plaintiffs' argue Defendant's objection does not challenge

whether Plaintiffs suffered damage in the form of lost equity in their home, but rather Defendants should receive a set-off for any amount of the Loan disbursed to Plaintiffs. The Court was not directed to any authority, and found none, in support of Defendant's argument. Without support, the Court finds this argument unavailing. Defendant's second objection is overruled.

*Objection 3: Equitable Subrogation Counterclaim*

Defendant objects to the Magistrate Judge's finding that Defendant is not entitled to summary judgment on its counterclaim for equitable subrogation. Specifically, Defendant argues the Magistrate Judge erred when the finding was primarily grounded on the "Report's erroneous findings as to the authority of Simon Cho under the POA and as to Plaintiffs' fraud claim."

"Equitable subrogation 'is a legal fiction' whereby an obligation, extinguished by a payment made by a third person, is treated as still subsisting for the benefit of this third person, so that by means of it one creditor is substituted to the rights, remedies, and securities of another." *Bank of Am. v. Babu*, 340 S.W.3d 917, 925 (Tex. App.—Dallas 2011, no pet.); *Premium Plastics v. Seattle Specialty Ins. Servs., Inc.*, No. CIV.A. H-10-3960, 2012 WL 1029528, at *4 (S.D. Tex. Mar. 26, 2012), *aff'd*, 544 F. App'x 287 (5th Cir. 2013). The general purpose of equitable subrogation is to prevent unjust enrichment of the debtor. *First Nat'l Bank of Kerrville v. O'Dell*, 856 S.W.2d 410, 415 (Tex. 1993). There are two key elements to equitable subrogation: (1) the person whose debt was paid was primarily liable on the debt, and (2) the claimant paid the debt involuntarily. *Murray v. Cadle Co.*, 257 S.W.3d 291, 299 (Tex. App.—Dallas 2008, pet. denied). The burden is on the party claiming equitable subrogation to establish he is entitled to it. *Id.* The trial court must balance the equities in view of the totality of the circumstances to determine whether a party is entitled to equitable subrogation. *Babu*, 340 S.W.3d at 926.

Defendant's argument rests on the notion that Texas courts liberally apply equitable subrogation, and that the invalidation of a contractual lien does not preclude equitable subrogation. *See Murray*, 257 S.W.3d at 299; *LaSalle Bank Nat'l Ass'n v. White*, 246 S.W.3d 616, 620 (Tex. 2007). While this is true, equitable subrogation—like all equitable remedies—is sometimes denied to litigants who come to court with unclean hands. *See Lazy M Ranch, Ltd. v. TXI Operations, LP*, 978 S.W.2d 678, 683 (Tex. App.—Austin 1998, pet. denied) ("Under the doctrine of unclean hands, a court may refuse to grant equitable relief to a plaintiff who has been guilty of unlawful or inequitable conduct regarding the issue in dispute."); *Schenck v. Halliday Real Estate, Inc.*, 803 S.W.2d 361, 366 (Tex. App.—Tyler 1990, no writ) ("It is well settled that a party seeking equity cannot come into a court with unclean hands."). To defeat Defendant's claim, Plaintiffs would have to prove Defendant engaged in fraudulent conduct—exactly the type of conduct that has led Texas courts to deny a remedy lying in equity, including legal subrogation. *In re Canion*, 196 F.3d 579, 586 nn.25-26 (5th Cir. 1999); *see Rotge v. Dunlap*, 91 S.W.2d 905, 908 (Tex. Civ. App.—El Paso 1936, writ dis'd by agr.) ("The findings show fraud on [the part of the party seeking legal subrogation]. He does not come into court with clean hands, and is therefore not in a position to invoke the equitable principles upon which legal subrogation rests."); *Christian v. Manning*, 59 S.W.2d 234, 237 (Tex. App.—Fort Worth 1933), *modified*, 124 Tex. 517, 81 S.W.2d 54 (1935) (applying to legal subrogation the maxim that "one who seeks equity must come into court with clean hands"); *Bell v. Franklin*, 230 S.W. 181, 185 (Tex. Civ. App.—San Antonio 1921, no writ) (same). Plaintiff's fraud claim will proceed to trial; should a jury find that Defendant's employee engaged in fraudulent conduct and thus has unclean hands, equitable subrogation—a remedy lying in equity—might be unavailable. Accordingly, Defendant's counterclaim for equitable

subrogation is inappropriate for summary judgment. Defendant's third objection is overruled. *See Rotge*, 91 S.W.2d at 908.

*Objection 4: Judicial Foreclosure Counterclaim*

Defendant objects to the Magistrate Judge's finding that summary judgment is inappropriate as to Defendant's counterclaim for judicial foreclosure on the basis that the Magistrate Judge erroneously found that Defendant was not entitled to entry of an equitable subrogation lien on the current record. Because the Court adopted the Magistrate Judge's finding as to Defendant's equitable subrogation counterclaim, the Court likewise finds that Defendant is not entitled to an order permitting a judicial foreclosure at this time. Defendant's fourth objection is overruled. The Court adopts each of the findings of the Magistrate Judge.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Defendant's timely filed objections (Dkt. #67), Plaintiffs' response thereto (Dkt. #68), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #66) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #46) is **GRANTED IN PART AND DENIED IN PART**, and Plaintiffs' claims for reformation and declaratory judgment against Defendant Wells Fargo Bank, N.A. are **DISMISSED** with prejudice. The other claims shall proceed to trial.

It is further **ORDERED** that Defendant's Motion for Partial Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.
**SIGNED this 3rd day of August, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE